[Civ. No. 4505. Second Appellate District, Division One.—June 25, 1925.].

THOMAS RENOWDEN, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND FREIGHT TRAIN —INJURY TO AUTOMOBILE PASSENGER—IMPUTED NEGLIGENCE—EVIDENCE—INSTRUCTIONS.—In this action for damages for personal injuries suffered by plaintiff as the result of a collision between an automobile in which he was riding and a freight train operated by the defendant railway company, there having been an entire absence of proof, either that plaintiff while riding in said automobile was engaged in a joint enterprise with the driver, or with any of the occupants of the car, or that plaintiff constituted the driver his agent in the driving of the car, plaintiff was entitled to have the jury instructed that, in the absence of any evidence tending to support the allegations of the answer relating to alleged agency or alleged joint enterprise, the jury must disregard those defenses.

[2] Id.—Imputed Negligence—Instructions—Prejudicial Error.— In such action, the error of the trial court in refusing to instruct the jury that the negligence, if any, of the driver of the automobile in which plaintiff was riding could not be imputed to plaintiff, might not have been prejudicial if the trial court had not given a series of instructions requested by defendant which might easily have been applied by the jury in such manner as to hold plaintiff responsible for the negligence of the driver of the automobile, in the absence of any instruction that negligence of the driver could not be imputed to plaintiff.

(1) 29 **Cyc.**, p. 656, n. 49 New.   (2) 29 **Cyc.**, p. 656, n. 49 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

John C. Miles and B. J. Wellman for Appellant.

Frank Karr and R. C. Gortner for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries which the plaintiff claims to have received as the result of negligence of the defendant in the operation of a train of freight cars at a street crossing. The case was tried before a jury, which returned a verdict in favor of the defendant. The plaintiff appeals from the judgment. The principal errors assigned relate in part to the refusal of instructions requested by the plaintiff and in part to instructions given by the court to the jury.

It is alleged in the complaint that on the eighteenth day of January, 1922, the defendant was engaged in the switching of freight-cars in a southerly direction upon its tracks across a public street; that at that time the plaintiff was riding in the automobile of one Ross L. Putnam in an easterly direction along said street; that the plaintiff was so riding solely as the guest of Putnam without exercising any control over the driving of the automobile by Putnam. The complaint charges that the defendant negligently failed to maintain any gates, wigwag or flagman at said crossing; that while said automobile was crossing said railroad track the defendant carelessly and negligently backed a train of

freight-cars in a southerly direction at a high and dangerous rate of speed, to wit, twenty miles an hour, without sounding any whistle, or other warning of its approach, and without having any flagman upon the rear end of the train; that by reason thereof the train was driven against said automobile, thereby causing the plaintiff to suffer the injuries described in his complaint.

The answer denied the alleged negligent conduct of defendant, and alleged negligence upon the part of the plaintiff. The answer further alleged that at the time and place of said accident the plaintiff was engaged in a joint and common enterprise and undertaking with each and every other occupant of said automobile, including the driver thereof, and that riding and traveling in said automobile was a part thereof; that neither of the occupants of the automobile, nor the driver, nor the plaintiff, exercised ordinary care, caution, or prudence in the premises, and that the collision, injury and damage, if any, sustained by the plaintiff were directly and proximately contributed to by the fault, carelessness and negligence of the plaintiff and of each and every occupant of said automobile in and about said joint and common enterprise and undertaking, and by the failure of them and each of them to exercise ordinary care, caution or prudence in the premises. The answer further alleged that the plaintiff at and immediately prior to the said accident carelessly and negligently rode and traveled in said automobile while the same was, to his knowledge, being carelessly and negligently managed and operated by the driver thereof; that said plaintiff then and there constituted and made the driver of said automobile his agent for the purpose of driving same and of conveying said plaintiff therein; and that said automobile was then and there, to the knowledge of plaintiff and by his agent in the premises, so negligently and carelessly operated as to bring same into collision with said train of defendant, thereby directly and proximately contributing to the said accident and the injury and damage, if any, by plaintiff sustained.

Under points one and two, appellant claims that the court erred in refusing to instruct the jury that the negligence, if any, of the driver of the automobile could not be imputed to the plaintiff, and in refusing certain instructions re-

73 Cal. App.—25

quested by the plaintiff on the question of agency and of what constituted a joint enterprise.

[1]   It is stated by counsel for appellant, and appears to be conceded, that there was an entire absence of proof, either that the plaintiff while riding in said automobile was engaged in a joint enterprise with the driver, or with any of the occupants of the car, or that the plaintiff constituted the driver Putnam his agent in the driving of the car.   On this condition of the evidence, the plaintiff was entitled to have the jury instructed that in the absence of any evidence tending to support the allegations of the answer relating to the alleged agency or the alleged joint enterprise, the jury must disregard those defenses.

[2]   This error might not be prejudicial, if there had been no instructions given which would probably lead the jury to assume that these alleged defenses were a part of the case submitted for decision.   But there was a series of instructions given at the request of the defendant, which, however correct they may be in themselves as statements of law (and as to this we express no opinion), might easily have been applied by the jury in such manner as to hold the plaintiff responsible for negligence of the driver of the automobile, in the absence of any instruction that negligence of the driver could not be imputed to the plaintiff.   This is well illustrated by certain instructions to which we will give the numbers found in appellant's brief.   In the transcript the instructions have no numbers.   We further assume that these numbered instructions were given at the request of the defendant.   In the transcript each of them is marked (D).   The use of the letters (P) and (D) as found in the transcript constitutes, with one exception, the only indication of the party by whom instructions were requested.   It is not denied by respondent that those letters were used for that purpose.

Instruction 19: "It was the duty of the driver of the automobile in which the plaintiff was riding to approach said defendant's tracks, on which the car was running, in such manner that he could control the movements of the automobile in case the crossing of the tracks should appear dangerous, and to look with ordinary care at the last moment before going upon the tracks to ascertain if there was any danger approaching.   It was his duty to look with

ordinary care at the last moment before going upon the tracks, or so close thereto as to be in danger of being struck down by a passing car, and if, just before driving upon the tracks upon which he was struck, or so close to it as to be in danger of being struck, he could have seen and known of the approach of the train by looking and listening with ordinary care, and could have known thereby that it was dangerous to attempt to drive upon or across said tracks, then the driver would be guilty of negligence, and if such negligence was alone the direct or proximate cause of the accident, then plaintiff cannot recover and your verdict must be for the said defendant.''

Instruction 21: ''Even though you might believe from the evidence that no whistle or bell was sounded on said defendant's train, it was still the duty of the driver of the automobile before going on the tracks to look for the purpose of ascertaining if a train was approaching. He had no right not to look because he may not have heard any bell or whistle from said train, or because none may have been rung or blown. It was his duty in the exercise of ordinary care, which the law requires at a railroad crossing to look for the purpose of seeing that which may have been visible to one looking with ordinary care, and if you find from the evidence that the driver failed to exercise ordinary care in these particulars, and that such failure on his part was the sole proximate cause of the accident, then the plaintiff cannot recover and your verdict must be for said defendant.''

Instruction 31: ''I instruct you that defendant had a lawful right to operate a freight train backward over the crossing in question, and that it is as much the duty of persons traveling on the highway to·look and listen for such a train, so operated, as for any other train which may be operated on railroad tracks.''

Upon reading the foregoing instructions, and taking into consideration that the court struck out from instruction No. 28, requested by the plaintiff, a direct statement ''that the driver's negligence cannot be imputed to the plaintiff,'' we think that there was prejudicial error in the refusal of the court to give at least some of the instructions requested by the plaintiff on the subject of imputed negligence and the subjects of joint or common enterprise and agency. This

refusal is further illustrated by instruction (G) requested by the plaintiff and refused by the court.

"To constitute a joint or common enterprise within the meaning of the law each must have some voice and authority in the management and control of the same. If Thomas Renowden and those riding in the auto had no voice or authority over how Putnam should drive, it was not a joint or common enterprise and the negligence of any of the party cannot be imputed to either or any of the rest."

We deem it unnecessary to consider closely the other numerous assignments of error, nearly all of which relate to instructions given or instructions refused. It may be that, aside from the matters which we have discussed, there would be no sufficient reasons for reversal of the judgment. But there was evidence quite sufficient to have warranted a finding that the defendant was negligent in the management of its train. This being so, it is reasonable to infer that the verdict may have rested upon an implied finding that the accident was caused by the concurrent negligence of defendant and the driver Putnam, and that the jury understood that for that reason alone the plaintiff was barred from any right to recover damages.

The judgment is reversed.

Houser, J., and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 24, 1925.

All the Justices present concurred.