[Civ. No. 5945.  First Appellate District, Division Two.—November 5, 1927.]

STEHLI SILKS CORPORATION, Respondent, v. H. DIRECTOR et al., Appellants.

Isaac Pacht and Clore Warne for Appellants.

Wetherhorn, Hoyt & Jones for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover damages. The defendants answered and a trial was had in the trial court before the court sitting with a jury. The jury returned a verdict on which a judgment in favor of the plaintiff was entered. From that judgment the defendants have appealed and have brought up a bill of exceptions.

In its complaint the plaintiff pleaded two separate causes of action involving two separate and distinct contracts. On the submission of the cause, acting upon request of counsel, two special verdicts were submitted to the jury. When the jury returned its verdicts and the trial court had duly considered the same, judgment was ordered in favor of the plaintiff on the first cause of action and not on the second cause of action. The plaintiff has not appealed and it becomes unnecessary to further refer to the second cause of action.

As to the first cause of action, the plaintiff nowhere alleges that it has performed. It is alleged that the defendants purchased and plaintiff agreed to deliver "during the months of May and June, 1920," an invoice of silks. It is also alleged that "during the months of May and June, 1920, plaintiff prepared the balance of said merchandise for delivery to defendants herein and tendered delivery thereof to defendant corporation, but to accept delivery thereof defendant corporation refused and still refuses and have further refused and failed, and now refuses and fails to pay the value thereof. . . . " The defendants filed an answer denying all of the allegations of the plaintiff's complaint. The defendants contend that the verdict is not supported by the evidence and in this behalf they contend that the evidence is all one way and that the undisputed facts are that the plaintiff never tendered delivery of the merchandise and that the defendants never refused to accept the merchandise. In making this contention they are supported by the record. In reply the plaintiff cites authori-

ties as to what facts will excuse performance. (Civ. Code, sec. 1511, subd. 3.) It is unnecessary to go into that subject. The plaintiff's complaint did not tender the issue. The allegation as tendered by the plaintiff's complaint at least purported to plead performance. They certainly did not make any attempt to plead nonperformance and a valid excuse therefor. The two theories are entirely different. (*Peek* v. *Steinberg*, 163 Cal. 127, 133 [124 Pac. 834].)

The defendants assert that no damages were shown. In making this assertion we think they have overlooked the testimony given by the witness Leventhal. His testimony seems to have been free and clear of the objections that were interposed regarding other witnesses and his testimony was of such a nature that this point must be ruled against the defendants. The defendants in the next place contend that the court erred in admitting evidence of an attempted compromise. In answer to this point the plaintiff picks up a telegram dated July 17, 1920, and contends that the telegram was not an attempted compromise. Be that as it may, the telegram was merely one part of the evidence to which the defendants objected. Prior to the month of June, 1920, the defendants had asked the plaintiff to cancel their order which was the subject matter of this action. There had been some oral conversation and there had been some written communications. No agreement had been reached. On the 29th of June, 1920, Mr. Scher was in the office talking to Mr. Barlow, the manager of the plaintiff. When Mr. Scher was on the stand as a witness he was asked and was compelled to answer, over the objection of the defendants, the following questions: "Didn't you also make the same request early to Mr. Barlow and at the same time ask him what he would accept in settlement and release the corporation? . . . Then when you saw Mr. Barlow three and one-half months later did you make a similar request upon him? . . . Didn't you take up with Mr. Barlow the proposition of paying a certain amount to the Stehli Silks Corporation for a release from your contracts? . . . " And, finally, when Mr. Barlow was on the stand: "Q. I show you what purports to be a telegram dated July 17th, addressed to plaintiff, signed A. C. Scher, and ask you if plaintiff received that telegram?" The last question being answered in the affirmative and the telegram being identi-

fied, it was admitted in evidence and read to the jury. In this manner there was introduced all of the evidence concerning the attempted compromise. In this connection, at least in one place, some of the defendants stated that they were willing to pay the plaintiff for the requested release and cancellation, but they were unwilling to pay ten thousand dollars.

The fourth point made is that the trial court erred in admitting, over the objection of the defendants, evidence as to damages. As recited above, the plaintiff's complaint contained two counts. The first count was predicated on an order calling for delivery during May and June, 1920. The second count was predicated on an order calling for delivery during July, August, September, and October, 1920. If a breach of the first contract occurred, necessarily it occurred in May or June, 1920. Nearly all of the questions propounded by the plaintiff regarding values were addressed to the date August 23, 1920. As such questions were asked, the defendants interposed a general objection and as ''not showing whether it was the silk described in either the first or second contract. . . . '' As we understand the record, a certain quantity of a special article was the subject matter of the first contract, and another quantity of the same article was the subject matter of the second contract. If so, the question was not objectionable; but the evidence was applicable to goods which under the contract should have been delivered on August 23, 1920, and was not applicable necessarily to goods which should have been delivered in May and June, 1920. If the defendants had asked for an order directing the application of the evidence, the request would probably have been granted. At any rate the record does not sustain the point.

The last point made by the defendants is that the court erred in instructing the jury. Under this point they designate several different instructions which the court gave and several instructions which the court refused to give. We think that several of the contentions made under this head must be sustained. Before we proceed it should be stated that the plaintiff is a New York house; that the defendant corporation was doing business at Los Angeles; and that the most of the communications prior to the first

day of July, 1920, were in the form of letters or telegrams. The trial court did not of its own motion construe, and it was not requested to construe, any of the writings. But when it came to instructing the jury in the first instruction which the trial court gave, it directed the jury that it might construe the letters and telegrams, and that it had the power to find that such letters and telegrams amounted to a refusal. The court should have itself construed those writings. (Code Civ. Proc., sec. 2102; Jones on Evidence, sec. 175a.) ▪ The instruction as a whole is an instruction on excuse for nonperformance. As noted above, excuse for nonperformance was not involved in the issues in the case. It should not have been given. The criticism last made is equally applicable to other instructions objected to.

The judgment is reversed.

Koford, P. J., and Nourse, J., concurred.