TERESA M. HILLER *vs.* STANISLAS DESAUTELS.

Bristol.    October 28, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory. *Evidence,* Relevancy and materiality.

At the trial of an action for damage to an automobile of the plaintiff received in a collision with an automobile of the defendant, there was evidence that the place of the collision was on a hill, the roadway of which was wet and slippery with leaves; that the defendant's car was going down the hill and the plaintiff's was going up; that, just ahead of the defendant on his side of the road at about the place of the collision was a truck, heading in the same direction as was the defendant; that the defendant was driving at the rate of about forty miles per hour as he reached the top of the hill, and, seeing the truck and the imminent peril, put on his brakes, tried to cut across the road ahead of the plaintiff to a driveway, but skidded and remained partly on the highway; that the plaintiff, who had been driving at the rate

of about twenty miles per hour, when he saw the defendant's predicament, tried to stop and slowed down to about fifteen miles per hour when ten feet from the defendant, but was unable to stop and ran into the rear of the defendant's car, demolishing his own. The defendant contended that his conduct was not negligent because, though unwise, it was induced by an emergency which required action on the "spur of the moment." There was a verdict for the plaintiff. *Held*, that

(1) Testimony by one riding with the defendant, to the effect that he called the defendant's attention to the condition of the road and stated to him that he was going too fast, properly was admitted both to show that the defendant should have known, and therefore could have been found by the jury negligent in not knowing, that the application of the brakes, in view of the condition of the macadam highway and the speed of the car, would be likely to cause the car to skid and to pass beyond the control of the defendant, and also to show that no sudden emergency, not caused by the defendant's negligence, confronted the defendant;

(2) It could not be ruled that the plaintiff as a matter of law was guilty of contributory negligence;

(3) It was proper to deny a motion by the defendant that a verdict be ordered in his favor;

(4) It was proper to refuse to instruct the jury, "If you find that the defendant's . . . action was simply the unwise conduct of one who, in an emergency, does what occurs to him on the spur of the moment, he is not liable to the plaintiff. . . ."

TORT. Writ in the Third District Court of Bristol, dated December 3, 1927.

On removal to the Superior Court, the action was tried before *Raymond*, J. Material evidence and rulings given and refused are described in the opinion. There was a verdict for the plaintiff in the sum of $1,200, of which, under order of the court, the plaintiff remitted all in excess of $1,100. The defendant alleged exceptions.

*A. Auger*, for the defendant.

*T. F. O'Brien*, for the plaintiff.

PIERCE, J. This is an action of tort to recover for damage to the plaintiff's automobile sustained by reason of a collision with the defendant's automobile and alleged to have been caused by the defendant's negligent operation. The answer is a general denial and contributory negligence of the plaintiff or her agent.

At the trial to a jury and at the close of the evidence, the defendant filed and the judge denied a request for a directed

verdict. The judge ruled, as requested: "1. The mere fact that Desautels's [the defendant] car skidded is not *prima facie* evidence of negligence on his part . . . . 3. The plaintiff cannot recover if her husband, the driver of the automobile, was not in the exercise of due care"; and refused to rule "2. If you find that the defendant Desautels's action was simply the unwise conduct of one who, in an emergency does what occurs to him on the spur of the moment, he is not liable to the plaintiff, Hiller." The defendant's requests for certain other rulings are not argued and are taken to be waived. The jury found for the plaintiff, and the case is before this court on the defendant's exceptions "(1) to the admissibility of evidence given by Napoleon Ricard who was in the defendant's automobile, as to what he said to the defendant previous to reaching the scene of the accident, (2) on the defendant's motion to the refusal of the judge to direct a verdict for the defendant, and (3) for the refusal of the court to grant certain requests hereinafter stated."

The defendant contends that his motion should have been granted "because the driver of the plaintiff's car was negligent as a matter of law." He does not contend that the motion should have been granted because the defendant was not negligent.

The facts material to this issue are in substance as follows: On October 13, 1927, at about 2 P.M. the plaintiff's car was travelling south on the highway leading to New Bedford and was going up Taber Hill. The defendant was going down Taber Hill in a northerly direction accompanied by one Napoleon Ricard. The plaintiff's car up to about one hundred feet of the place of the accident had been travelling at the rate of twenty miles an hour. The defendant before he came within five hundred feet from the place of collision had been travelling at about forty miles an hour. The roadway was of macadam surface with a tar composition and was wet, and slippery with leaves. The defendant reached the top of the hill at a speed of about forty miles an hour. Each driver saw the other when apart about eight hundred feet. Nearly opposite the point where the

collision occurred and slightly to the north of it a truck was stopped on the east side of the road headed north. As the defendant descended the hill he applied his brakes in an attempt to slow down and his automobile skidded just before reaching the truck. To avoid collision with the parked truck he tried to cross in front of the plaintiff's automobile and to enter a private driveway on the westerly side of the way. He failed to reach the driveway. The front wheels of his car landed in a ditch and the rear end of his car protruded onto the macadam part of the way about two feet. The plaintiff's driver saw the defendant's car was out of control, and steered further to his right so that the right wheels of the plaintiff's car were eighteen inches west of the macadam part of the travelled way and slowed down from twenty miles an hour to fifteen or seventeen miles an hour when ten feet from the place of collision. When the defendant's automobile shot in front of the plaintiff's car and was about three feet away in the ditch, the plaintiff's driver applied the brakes in an effort to stop; the car hit the rear end of the defendant's car, which was in the highway, with the result that the plaintiff's car was ruined.

During the trial, subject to the defendant's exceptions, the plaintiff offered and the court received evidence through one Napoleon Ricard, who was riding with the defendant, to the effect that when about one half mile from the place of the accident Ricard had a conversation with the defendant about speed; that he said to him, "You are going too fast," "the road is wet, very dangerous"; that the defendant replied, "We have had a hard rain and it has washed the road clean and it is not so slippery"; that Ricard then said "There are lots of leaves on the road; it is dangerous." The witness further testified that as the defendant's car came to the top of the hill it was going around forty miles an hour, and that he did not notice any slowing down from the top of the hill to the place of the accident; that he looked at the speedometer when he spoke to the defendant, saying "You are going forty-five miles an hour and it is too fast." The evidence was relevant, if be-

lieved, to show that the defendant should have known, and therefore he could have been found by the jury negligent not to have known, that the application of the brakes, when applied in the condition of the macadam highway and with the speed of the car, would be likely to cause the car to skid and pass beyond the control of the driver. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495. *Arnold* v. *Brereton*, 261 Mass. 238. *Schoepp* v. *Gerety*, 263 Penn. St. 538. *King* v. *Wolf Grocery Co.* 126 Maine, 202. It was also admissible to controvert the contention of the defendant that his act in applying the brakes in the conditions as they existed in respect to the speed of the car and character of the roadway was not negligent conduct because, though unwise, it was induced by an emergency which required action on the "spur of the moment." *Rundgren* v. *Boston & Northern Street Railway*, 201 Mass. 156, 158. *Fogg* v. *New York, New Haven & Hartford Railroad*, 223 Mass. 444, 448.

There was no error in the conduct of the trial. A verdict for the defendant could not have been ordered; nor could the ruling of law for the defendant have been given, as requested. The evidence was admitted rightly, and there are no facts in the record which would have justified a giving of the requested ruling.

*Exceptions overruled.*