[L. A. No. 14116. In Bank.—September 27, 1933.]

WILLIAM A. FREEMAN, Respondent, v. GRAY-COWAN, INC. (a Corporation) et al., Appellants.

M. S. Meyberg for Appellants.

William A. Freeman, *in pro. per.,* and C. E. Spencer for Respondent.

THOMPSON, J.—This appeal is from a judgment in favor of plaintiff quieting his title to the easterly 10 feet of the southerly 98.25 feet of lot 1 of Grand View Boulevard tract as per map recorded in book 7, page 122 of maps, records of Los Angeles County, and decreeing that defendants have no right, title or interest therein, and restraining them from claiming any title thereto or interfering with plaintiff's possession, use, enjoyment or occupation thereof and directing them to remove all obstructions placed thereon by them or at their direction.

The complaint alleged ownership by the plaintiff of the south 98.25 feet of lot 1 '' (except the Easterly 10' thereof) ''; that the defendants were the owners of the easterly 10 feet thereof; that the plaintiff owned a right of way over the 10-foot strip which was the only means of access to the flats and garages maintained by plaintiff on the remainder of the south 98.25 feet of lot 1; and that the defendants now forbid the use of the right of way by plaintiff and his tenants and had placed an obstruction thereon and threatened to forcibly prevent the use thereof. The answer of defendant George W. Cowan denied all the allegations of the complaint and denied that he had any interest in the 10-foot strip except as a stockholder and officer of Gray-Cowan, Inc., which corporation owned the 10-foot strip. The answer of Gray-Cowan, Inc., denied that plaintiff owned or was in possession of a right of way over the strip or that the same

was necessary as a means of ingress or egress to the other part of the lot as alleged in the complaint, thus admitting, by failure to deny, plaintiff's ownership of the southerly 98.25 feet of lot 1 except the easterly 10 feet, its own corporate capacity, and its ownership of the easterly 10 feet of the southerly 98.25 feet of lot 1.

With the issues thus presented the court found that all the allegations of the complaint were true except the allegations of defendants' ownership of the 10-foot strip; that George W. Cowan had no right, title or interest therein; and that, by reason of a sale under a deed of trust, plaintiff "became the owner in fee of the aforesaid ten-foot strip". This appeal being on the judgment-roll alone, it must be assumed that these findings were supported by the evidence.

The defendants have appealed upon the theory that the findings and judgment are not supported by the pleadings for the reason that the title to the 10-foot strip was not put in issue. ■ The general rule is that a finding outside the issues must be disregarded. However, where the parties voluntarily submit and try an issue without any specific pleadings they may not thereafter complain that the findings and judgment were not within the issues framed by the pleadings. (*McDougald* v. *Hulet,* 132 Cal. 154 [64 Pac. 278]; *Poledori* v. *Newman,* 116 Cal. 375 [48 Pac. 325]; *Barr* v. *Smith,* 201 Cal. 87 [255 Pac. 827]; *Kirk* v. *Culley,* 202 Cal. 501, 505 [261 Pac. 994].) The reason for the exception to the rule is that the failure to object to the evidence as not within the issues constitutes a waiver of the objection, and it is therefore subject to the qualification that evidence which is relevant to an issue actually raised by the pleadings cannot be considered as authorizing the determination of an issue not presented. (*Crescent Lumber Co.* v. *Larson,* 166 Cal. 168, 171 [135 Pac. 502].)

■ However, the record is not before us and it is impossible to determine whether objections were made to the introduction of the deeds which established title in the plaintiff. Nor is it possible to ascertain with respect to what issue or for what purpose the offer was made. In accordance with the rule that every intendment must be indulged in favor of the judgment, we must assume that the evidence was introduced in support of the issue of title. In *Silvers* v. *Grossman,* 183 Cal. 696, 702 [192 Pac. 534], it is said:

"And, where the appeal is upon the judgment roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that evidence in support of such issues was introduced and went in without objection (*Illinois Trust & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 296 [47 Pac. 60]; *McDougald* v. *Hulet*, 132 Cal. 154, 159 [64 Pac. 278]; *Beardsley* v. *Clem*, 137 Cal. 328, 332 [70 Pac. 175]); although the rule may be different where such a presumption would result in the reversal of the judgment. (*Rudel* v. *Los Angeles County*, 118 Cal. 281 [50 Pac. 400].)" A most pertinent statement is also found in *Poledori* v. *Newman, supra,* at page 377, as follows: "Upon a direct appeal from the judgment upon the judgment roll alone, it will be assumed in support of the judgment that all objections to evidence in support of the findings were waived. If objection to the introduction of any evidence had been made upon the ground that the defect to which it was related was not alleged in the complaint, the court would have permitted the plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings." It is obvious that appellants cannot prevail.

Judgment affirmed.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., Seawell, J., and Preston, J., concurred.