[Civ. No. 8046. Second Appellate District, Division One.—August 30, 1934.]

LILLIAN SCHERER et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

[Civ. No. 8047. Second Appellate District, Division One.—August 30, 1934.]

MABEL TAYLOR et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

530

Pace & Purdue for Appellants.

W. I. Gilbert for Respondent.

HAHN, J., *pro tem.*—Plaintiffs in each of the above-entitled actions, which by order of court were consolidated for trial, appeal upon the same record from a judgment entered in each case for defendant, upon directed verdicts returned by the jury.

Both actions were for alleged injuries suffered by plaintiffs in a collision between an automobile in which they were riding and a passenger train operated by defendant. The complaint charges negligence on the part of defendant in, first, failing "to install and keep any audible or visible warning device at, near or over said grade crossing" where the collision occurred, and, second, in "the carelessness and negligence of the defendant and of its servants and employees in the operation of said train".

Appellants in their briefs state the questions involved in this appeal as follows:

"Thus two issues are presented for determination upon this appeal—first, is there substantial evidence upon plaintiffs' part that the defendant was negligent, and, second, does the evidence upon plaintiffs' part respectively show contributory negligence as a matter of law?"

The evidence, upon which the court instructed the jury to return its verdicts for defendant, may be summarized as follows:

Plaintiffs Lillian Scherer and Mabel Taylor, both employed at the same establishment at Camarillo, Ventura County, and living several miles from Camarillo, entered into an agreement to go to and from their employment to-

gether, part of the time in Mrs. Scherer's automobile, and part of the time in Mrs. Taylor's car. On the morning of July 3, 1929, both women started for Camarillo in Mrs. Scherer's car. Driving in a westerly direction along Fifth Street, which was a highway running near and parallel to the railway track of defendant company, Mrs. Scherer, who was driving, brought her car to a stop at the intersection of Rice road, which highway crosses Fifth Street and defendant's railway track at right angles. Starting slowly, Mrs. Scherer turned her car to the right and proceeded northerly on Rice road toward the railway track at a speed of about four miles per hour. Running parallel with and at a distance of about fifty-five feet south of the railway track extending from Rice road is a row of eucalyptus trees. After passing these trees and when about fifty feet south of the track, both Mrs. Scherer and Mrs. Taylor looked to the left, that is, in a westerly direction, to see if any train was approaching. Both women were familiar with the track, having used this crossing frequently. Mrs. Scherer testified that she knew a train was due at this point about this time, and that when she looked up the track to the west, she looked for the train she expected would be along about that time. Both women testified that they saw no train coming. Driving along toward the track at a speed of about four miles per hour, neither of the women again looked to the west for an approaching train until they were on the track and the train was upon them. Approaching the track from Fifth Street there is an upgrade to the track of from two to four feet. There were "little hollows in the pavement" and "holes in the track,—around the tracks". The road was "real rough". Mrs. Scherer testified that after passing the row of trees, when she looked up the track to the west, she could see a distance of at least one-half mile; that there was nothing to obstruct her view of the track after she passed the trees during her progress up to the track; that there was the usual crossarm R.R. warning sign at the crossing, but no signal device of any kind; that she could have stopped her car within the space of one foot at any time after she turned into Rice road and proceeded toward the track.

Under the facts, as thus disclosed by the record, there would seem to be no escape from the conclusion that plaintiff

Mrs. Scherer was as a matter of law guilty of contributory negligence and, therefore, not entitled to recover for her injuries, notwithstanding any negligence on the part of defendant railroad company, if such there was.  ██  The question as to the rule applicable to such a situation has been established in this state by a long line of decisions. The opinion in the case of *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227, 230 [53 Pac. 651], states the rule briefly as follows: "The railroad track of a steam railway must itself be regarded as a sign of danger, and one intending to cross must avail himself of every opportunity to look and to listen for approaching trains." In the case of *Green* v. *Los Angeles etc. Ry. Co.*, 143 Cal. 31 [76 Pac. 719, 720, 101 Am. St. Rep. 68], the court had before it circumstances very similar to those here involved. In holding that the driver of the automobile that came into collision with defendant's train was guilty of contributory negligence, as a matter of law, and therefore not entitled to recovery for her injuries from the defendant railway company irrespective of the question of negligence on its part, the court in discussing the question uses the following language:

"Upon this point the case of *Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 167 [31 Pac. 834], is conclusive authority. There it was said: 'A railroad track upon which trains are constantly run is itself a warning to any person who has reached years of discretion, and who is possessed of ordinary intelligence, that it is not safe to walk upon it, or near enough to it, to be struck by a passing train without the exercise of constant vigilance, in order to be made aware of the approach of a locomotive, and thus be enabled to avoid receiving injury; and the failure of such person, so situated with reference to the railroad track, to exercise such care and watchfulness, and to make use of all his senses in order to avoid the danger incident to such a situation is negligence *per se.*' This statement of the doctrine of negligence *per se*, made ten years ago, was based upon several decisions of this and other courts, cited in the opinion of Justice De Haven, and the rule has been applied in a number of more recent cases, decided here. (See *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 Pac. 651]; *Bailey* v. *Market-Street Ry. Co.*, 110 Cal. 329 [42 Pac. 914]; *Lee* v. *Market-Street Ry. Co.*, 135 Cal. 295 [67 Pac. 765]; *Green*

-v. *Southern California Ry. Co.,* 138 Cal. 1 [70 Pac. 926], and cases cited.)''

Many other cases might be cited, and authorities quoted which give support to this rule and justify its application to the facts here involved in the Scherer case. The admitted fact that Mrs. Scherer, as she drove slowly toward the track, did not look again to see if any train was coming after leaving the point fifty feet away where she first looked, is clearly not that exercise of vigilance which, under the circumstances, the law requires of one about to cross a railroad track. That had she looked again during her progress toward the track, she would have seen the approaching train at a time when she could easily have avoided the collision, cannot successfully be controverted.

As to the Taylor case, there is involved the question of her status, either as a guest, as claimed by appellants, or as one engaged in a joint enterprise, as urged by respondent.

The elements necessary to constitute a joint enterprise, so as to impute to a plaintiff injured while riding in an automobile the negligence of the driver, are stated in *Meyers* v. *Southern Pac. Co.,* 63 Cal. App. 164, 170 [218 Pac. 284, 287], as follows:

"In circumstances such as are here outlined joint enterprise is not indicated by the fact that the guest and the driver each sought the same destination and by means of the same conveyance. There must be more than such common desire and common method of transportation. There must be 'a community of interest in the objects or the purposes of the undertaking, and an *equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management'.*" (*Cunningham* v. *Thief River Falls,* 84 Minn. 27 [86 N. W. 763, 765]; *Renowden* v. *Pacific Electric Ry. Co.,* 73 Cal. App. 383 [238 Pac. 785]; *Marchetti* v. *Southern Pacific Co.,* 204 Cal. 679 [269 Pac. 529]; *St. Louis & S. F. R. Co.* v. *Bell,* 58 Okl. 84 [159 Pac. 336, L. R. A. 1917A, 543]; *Atwood* v. *Utah L. & R. Co.,* 44 Utah, 366 [140 Pac. 137; *Cotton* v. *Wilmar etc. Ry. Co.,* 99 Minn. 366 [109 N. W. 835, 116 Am. St. Rep. 422, 9 Ann. Cas. 935].)

■ While the evidence shows without conflict that Mrs. Taylor and Mrs. Scherer had a common interest in the purpose of the journey to Camarillo, there is no evidence in the record that directly or by inference justifies a finding that Mrs. Taylor had any interest in the car, or that she contributed any sum toward the expense of its maintenance, or indeed that she had any right to direct Mrs. Scherer as to the course she would take when they started out that morning, or as to Mrs. Scherer's manner of driving. The evidence here falls short of that required to sustain a finding of "joint enterprise".

■ Respondent urges and argues at some length that there is no substantial evidence to support a finding of negligence on the part of defendant's agents, who were in charge of the train. We cannot give assent to this contention. Both plaintiffs, who, according to the evidence, were in a position where they could have heard the ringing of the bell or the sound of the whistle, had either warning been given as required by law, in time to have avoided the train, testified that they did not hear either the bell or the whistle. (*Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748 [134 Pac. 709].) Ray Owen, a witness for plaintiffs, who was at the time of the collision at work in his field about 300 yards distant from the crossing, testified he heard no bell and "only two short whistles and a crash practically at the same time". This testimony, in conflict with the testimony of defendant's witnesses that the bell was continuously rung and the whistle blown several times over a distance of at least one mile before the train reached the crossing, created an issue of fact for the jury.

■ Respondent attempts to support the judgment on the further ground that irrespective of the theory of imputed negligence, based on the "joint enterprise" contention, Mrs. Taylor was herself guilty of contributory negligence as a matter of law under the evidence, because she, like Mrs. Scherer, failed to maintain a vigilant outlook for the train. The duty imposed upon a guest riding with another is not the same as that required of the driver. The rules governing the conduct and duties of driver and guest have been so fully discussed and so frequently declared by the courts of this state that, in our opinion, the requirements of this opinion will be fully met by the citation of a few of the

cases: *Drouillard* v. *Southern Pac. Co.*, 36 Cal. App. 447 [172 Pac. 405]; *Marchetti* v. *Southern Pac. Co., supra; Meyers* v. *Southern Pac. Co., supra; Switzler* v. *Atchison etc. Ry. Co.*, 104 Cal. App. 138 [285 Pac. 918]; *Aungst* v. *Central California Traction Co.*, 115 Cal. App. 114 [1 Pac. (2d) 56].

█ That the question of a guest's contributory negligence, when the evidence does not justify the court in declaring as a matter of law that such negligence was established, is a question that should be submitted to the jury needs no argument or citation of authorities.

In view of the conclusions arrived at on the points discussed, we deem it unnecessary to consider the question of the alleged negligence of the defendant railway company in not maintaining some signal device or other method of warning of the approach of trains.

For the reasons indicated, the judgment in the case of *Lillian Scherer and N. R. Scherer* v. *Southern Pacific Co.*, is affirmed, and the judgment in the case of *Mabel Taylor and Bryan Taylor* v. *Southern Pacific Co.* is reversed.

Inasmuch as both cases were tried together and appeals in both cases taken on the same transcript, it would seem proper that appellant Taylor should recover one-half of the costs incurred by appellants in the appeal, and respondent recover as against appellants Scherer one-half of its costs incurred in the appeal.

Houser, Acting P. J., and York, J., concurred.

A petition by respondent to have cause No. 8047 heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1934.