[Civ. No. 13855.   Second Dist., Div. Two.   Mar. 18, 1943.]

ESTHER F. KRUPP, Appellant, v. LOS ANGELES RAIL-
WAY CORPORATION (a Corporation) et al., Respon-
dents.

[Civ. No. 13856.   Second Dist., Div. Two.   Mar. 18, 1943.]

RUTH CORIENE et al., Appellants, v. LOS ANGELES
RAILWAY CORPORATION (a Corporation) et al.,
Respondents.

Max Fink and Ray Sandler for Appellants.

Gibson, Dunn & Crutcher and Philip C. Sterry for Respondents.

WOOD (W. J.), J.—An action was commenced by Ruth Coriene and her husband to recover damages for injuries suffered by Mrs. Coriene when an automobile in which she was riding as a guest passenger was struck by a streetcar operated by defendant Crow and owned by defendant Los Angeles Railway Corporation. A separate action was commenced by Esther F. Krupp to recover for injuries suffered in the same accident, she also having been a guest passenger in the same automobile. The actions were consolidated for trial, resulting in a verdict for defendants. Plaintiffs have appealed from the ensuing judgments.

The accident occurred about noon on August 9, 1941, on Western Avenue near the intersection of Melrose Avenue in the city of Los Angeles. At that time plaintiffs were riding as guests of Mrs. Tillie Nahan in an automobile which was being driven by Mrs. Nahan in a southerly direction. In addition to the plaintiffs and the driver, Mrs. Barbara Davis, her minor daughter, and the minor daughter of Mrs. Nahan were riding in the car. They were on their way to have luncheon at the Farmer's Market.

Defendant railway corporation operates a streetcar line on Western Avenue. As Mrs. Nahan was driving her car along Western Avenue between a line of automobiles parked at the curb and the streetcar tracks, an automobile stopped directly in front of her car and blocked passage in the lane in

which she was driving. Mrs. Nahan started to turn to the left to pass around this automobile but the motorman of defendants' streetcar, which was coming from her rear, rang the bell and Mrs. Nahan pulled back to the right to a point within a foot of the automobile which had stopped and she in turn stopped her car. Within two or three seconds thereafter defendants' streetcar struck the Nahan automobile and shoved it into the automobile which had stopped ahead of it, causing the injuries for which plaintiffs are seeking damages.

The trial court erred to the prejudice of plaintiffs when it refused to give to the jury a requested instruction that the negligence of the driver of the car in which plaintiffs were guests was not imputable to plaintiffs. (*Renowden* v. *Pacific Elec. Ry. Co.*, 73 Cal.App. 383 [238 P. 785].) The prejudice suffered by plaintiffs by the failure to give such an instruction was emphasized when the court in another instruction told the jury that plaintiffs could not recover if their injuries were a ''result of the mutual fault and negligence of the defendant and of the plaintiffs.'' The fact that this instruction was given in a paragraph dealing with the measure of damages does not destroy its effect, for the jury is presumed to have heard and heeded all of the instructions given by the court. In their answer defendants pleaded contributory negligence but no evidence was presented at the trial which gave the slightest support to these allegations. The instruction concerning the ''mutual fault'' of the defendants and of the plaintiffs should not have been given. (*Chapman* v. *Pacific Elec. Ry. Co.*, 85 Cal.App. 69, 74 [258 P. 1006].)

The trial court gave to the jury several instructions on the subject of the legal obligations of the driver of the automobile in which plaintiffs were passengers. These instructions were given at considerable length and in one of them the court read section 544 of the Vehicle Code, pertaining to the obligations of drivers of a vehicle upon turning an automobile or bringing it to a stop. In another instruction the court referred to section 531 of the Vehicle Code, pertaining to the distance at which the driver of an automobile should drive his vehicle behind another automobile. Each of these instructions was terminated with the admonition to the jury that if the driver of the automobile in which plaintiffs were riding violated her obligations as

set forth in the instructions she would be guilty of negligence and that if such negligence was the sole proximate cause of plaintiffs' injuries the verdict should be for defendants. It was proper for the court to instruct the jury concerning the rights and obligations of the driver of the automobile but only for the purpose of aiding the jury in determining whether the defendant motorman was negligent. (*Crutchfield* v. *Davidson Brick Co.,* 55 Cal.App.2d 34 [130 P.2d 183].) ▨ But the ultimate question for the determination of the jury was whether defendants were guilty of negligence contributing to plaintiffs' injuries. The conduct of the driver of the automobile, not being in issue, was admissible in evidence only to the extent that it might aid in the determination of the question of the negligence of defendants. ▨ The procedure adopted by the court of giving lengthy instructions concerning the conduct of the driver of the automobile and of placing emphasis thereon by adding the statement at the end of each instruction that plaintiffs could not recover if the driver was guilty of negligence which was the sole proximate cause of plaintiffs' injuries, was such as to mislead the jury and cause them to believe that the conduct of the driver of the automobile was the ultimate issue for their determination instead of the conduct of the motorman. The laymen constituting the jury were not aided in their determination of the question of the negligence of defendants by an elaborate statement of the rights and duties of someone not a party to the litigation together with the admonition that if the conduct of such third party was the sole cause of plaintiffs' injuries the verdict should be for defendants. The danger of misleading the jury was unquestionably enhanced by the giving of the later instruction on the subject of the mutual fault of the parties. By adopting the course followed in giving these instructions the court unquestionably made it necessary to clearly inform the jury that the negligence of the driver of the automobile was not imputable to plaintiffs. A case bearing striking similarity to the present one is *Renowden* v. *Pacific Elec. Ry. Co., supra,* where the court said that ''there was a series of instructions given at the request of the defendant, which, however correct they may be in themselves as statements of law (and as to this we express no opinion), might easily

have been applied by the jury in such manner as to hold the plaintiff responsible for negligence of the driver of the automobile, in the absence of any instruction that negligence of the driver could not be imputed to the plaintiff.'' The series of instructions referred to were a number concerning the duties of the driver of the automobile in which the plaintiff was riding and ending with the admonition that if the negligence of the driver of the automobile was the sole proximate cause of the accident the plaintiff could not recover. The reviewing court reversed the judgment because of the failure of the trial court to instruct the jury that the negligence of the driver could not be imputed to the plaintiff.

Plaintiffs vigorously assert that on the uncontradicted evidence no verdict could be supported other than a verdict in favor of plaintiffs, and defendants, with equal vigor, assert that no verdict could be supported other than one in their favor. Neither position is correct. The testimony of the motorman, together with that of other witnesses, could support a finding by the jury that he was free from negligence if such a verdict had been rendered by a jury which had been properly instructed. On the other hand, the record discloses ample evidence to support a verdict in favor of plaintiffs if such a verdict had been rendered by the jury. It is sufficient to refer to the testimony of Mrs. Davis, who was riding in the car with plaintiffs: ''Q. After Mrs. Nahan brought her car to a stop did you see the streetcar? A. Yes. Q. And where was it when you first saw it after Mrs. Nahan brought her car to a stop? A. I turned my head and I know it was a quarter of a block away when her car stopped. Mr. Fink: That is all. By Mr. Sterry: Q. And how long a time elapsed from the time you again turned your head and saw the streetcar one-quarter of a block away until the collision? A. I didn't turn my head. I watched that car bearing down on us. I was frightened and I couldn't turn my head. Q. From what point did you watch this car? A. Over my left shoulder. I wasn't talking to Mrs. Krupp then. Q. How far away was it when you became frightened, where was the street car? A. About one-quarter of a block away. Q. That is when Mrs. Nahan started to turn over from the tracks? A. No, Mrs. Nahan had started to turn and stopped the car. Q. What made you frightened? A. I heard continuous clanging of the bell without a let-up at no time. Q. Was the ringing of the street car bell the only cause for

your fright? A. I wasn't frightened at the streetcar ringing. I heard it and was attracted to it. That made me turn my head, when Mrs. Nahan had stopped, I wondered what he was ringing about. I was frightened when I saw without decrease of speed that car coming right our way. I didn't know it would hit us but I could see the car bearing down on us and my first thought was of the children.'' From this testimony the jury could reasonably have found that the motorman without decreasing the speed of his car negligently crashed into the automobile which had been standing still for several seconds at a distance of a quarter of a block. Such a finding, if made by the jury, would have supported a verdict in favor of plaintiffs.

The judgments are reversed.

Moore, P. J., and McComb, J., concurred.