[L. A. No. 21849. In Bank. May 4, 1951.]

EMILY MILLER et al., Appellants, v. CHARLES LUTHER PETERS et al., Respondents.

Novack & Haberkorn and Henry F. Walker for Appellants.

Guthrie, Lonergan & Jordan and Swing & Gillespie for Respondents.

SPENCE, J.—Plaintiffs sought damages for personal injuries sustained by reason of a collision between an automobile and a bus on Highland Avenue a short distance east of the city limits of the city of San Bernardino. Plaintiff Harold Herbert Miller was driving the automobile and his mother, plaintiff Emily Miller, was riding with him. The bus was owned by defendant San Bernardino Valley Transit Company and was being operated by its employee, defendant Charles Luther Peters.

The complaint set forth two causes of action: (1) that of plaintiffs Louis Miller and Emily Miller, husband and wife, for injuries received by the latter while riding as a guest of her son; and (2) that of plaintiff Harold Herbert Miller, the son, for his own damages. In their answer defendants denied the alleged negligence, and as an affirmative defense to the *second* cause of action—but not to the *first* cause of action involving the claim of the mother—defendants pleaded contributory negligence, such defense relating only to the son. The case was tried before a jury and judgment on the verdict was rendered in favor of defendants. From such judgment, plaintiffs Louis and Emily Miller have appealed. They contend that the trial court committed prejudicial error in (1) submitting to the jury the question of contributory negligence on the part of plaintiff Emily Miller; and (2) in refusing to instruct the jury that such question was not an issue as to her cause of action. The record shows their position to be well taken.

The accident occurred at about 6 o'clock p.m. on May 9, 1948, at which time the weather was clear and dry. The automobile driven by appellants' son struck the left side of respondents' bus as it was making a "U" turn on Highland Avenue at the terminal of the bus line just beyond the city limits of San Bernardino. Appellants' son testified that he first noticed the bus turning when he was "about 150 feet away," at which time he was traveling at about 40 to 45 miles per hour; that he sounded his horn; that the bus continued its circling movement; that he applied his brakes but was unable to avoid the collision. In response to questions asked by counsel for respondents, both the mother and son testified

that the mother made no suggestion or remonstration to the son regarding his speed, and the mother further testified that she never saw the bus prior to the collision. There was evidence that the brakes on the son's automobile were in good condition, that they left tire marks on the pavement for some 102 feet, and that just prior to the accident appellants' son was driving at a speed variously estimated from 50 to 60 miles per hour. Respondent bus driver testified that after he had looked in both directions on Highland Avenue and had adjusted the hand-signal on his bus to indicate a left turn, he shifted into low gear and commenced to make his turn; that he was then traveling between 3 and 4 miles per hour when the bus stalled; that he set the emergency brake and attempted to start it; and that while in such position and within a few seconds, the automobile driven by appellants' son struck the bus.

From the above brief summary, it is apparent that there was conflicting evidence which would support a determination that the collision was proximately caused by the negligence either of appellants' son or of respondent bus driver, or by the concurrent negligence of both. But the negligence of the driver of an automobile cannot be imputed to a passenger unless the latter exercised some control over the driver, or had the power to supervise or direct the manner in which the vehicle should be operated. (*Marchetti* v. *Southern Pac. Co.,* 204 Cal. 679, 681-682 [269 P. 529]; *Renowden* v. *Pacific Electric Ry. Co.,* 73 Cal.App. 383, 388 [238 P. 785]; *Queirolo* v. *Pacific Gas & Electric Co.,* 114 Cal.App. 610, 615 [300 P. 487]; *Strandt* v. *Cannon,* 29 Cal.App.2d 509, 514 [85 P.2d 160].) Concededly there was no evidence here that would sustain a finding of imputed negligence against the mother, and no instruction on this theory was given. However, although the issue was not pleaded, the trial court instructed the jury on the personal contributory negligence of a guest and its application in bar of a recovery for the injuries to the mother. The instruction, in substance, was as follows: that if the jury found that the son "was driving . . . at a dangerous and excessive rate of speed . . . under all the facts and circumstances immediately prior and leading up to the happening of [the] accident," that the mother "knew of that fact in time to have objected or remonstrated," that "an ordinarily prudent person would have [so] remonstrated," but that the mother "did not [so] remonstrate." and "the accident was proximately caused in whole or in part by such rate of speed,"

then the mother ''[was] not entitled to recover any damages.'' The trial court refused to instruct the jury, at the request of appellants, that there was no issue of contributory negligence on the part of the mother presented for its consideration. The jury returned a verdict in favor of respondents on both counts: the damage claims for the mother's injuries as well as for the son's.

It is settled law that where the parties and the court proceed throughout the trial upon a theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings. (14 Cal.Jur. § 62, p. 974; *Northwestern M. F. Assn.* v. *Pacific W & S. Co.,* 187 Cal. 38, 40 [200 P. 934]; *Baar* v. *Smith,* 201 Cal. 87, 98-99 [255 P. 827]; *McAllister* v. *Union Indemnity Co.,* 2 Cal.2d 457, 460 [42 P.2d 305].) But such principle of estoppel operates only where it appears ''from the record on appeal . . . that the issue was actually and intentionally tried by the introduction of pertinent evidence, and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as if the issue had been made by the pleadings . . .'' (*Ortega* v. *Cordero,* 88 Cal. 221, 227 [26 P. 80]; see 2 Cal. Jur. § 69, p. 239, and cases there cited.) Furthermore, there is the added ''qualification that evidence which is relevant to an issue actually raised by the pleadings cannot be considered as authorizing the determination of an issue not presented.'' (*Freeman* v. *Gray-Cowan, Inc.,* 219 Cal. 85, 87 [25 P.2d 415].)

So applicable is the fundamental proposition that a party cannot object to the introduction of evidence which is pertinent to an issue made by the pleadings. (*Greiss* v. *State Investment & Insurance Co.,* 98 Cal. 241, 244 [33 P. 195].) These distinguishable considerations are precisely noted in *Riverside Water Co.* v. *Gage,* 108 Cal. 240, at page 245 [41 P. 299], as follows: ''It is frequently the case that evidence which is admissible to establish one issue may tend to establish another issue than that for which it is offered, and it is a rule that evidence so introduced is available to establish any of the issues in the case. This rule is, however, limited to the issues which are to be tried. *If the other issue that the evidence may tend to establish is not before the court the evidence must be limited to the actual issue. The fact of its introduction cannot be used to establish an issue that the parties have*

*not made in their pleadings. The court would not be authorized to consider it as establishing an issue that was not before it for trial."* (Emphasis added.) To like effect, see *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168, 171 [135 P. 502].

It is true that an automobile passenger is bound to use reasonable care for his own safety; and whether such care has been exercised is ordinarily a question of fact to be submitted to the jury in its consideration of the passenger's duty to "remonstrate against excessive speed [as] dependent upon the circumstances of the particular case." (*Queirolo* v. *Pacific Gas & Electric Co., supra,* 114 Cal.App. 610, 615.) As above indicated, both the son and the mother testified that she at no time asked the son "to slow the car down" or remonstrated with him in any way concerning his manner of operating the car. This testimony was elicited, without objection, toward the end of the trial after these witnesses had been recalled by the defense for further questioning. (Code Civ. Proc., § 2055.) While the questions in response to which this testimony was given would have been relevant on a plea of personal contributory negligence of the mother, they were likewise relevant in establishing the son's contributory negligence, an affirmative defense specifically pleaded.

As evidence bearing on the son's rate of speed and method of operating the automobile related to the issue of his contributory negligence, so would evidence as to whether at any time prior to the· happening of the accident, the mother had remonstrated with her son or protested against the speed at which they were traveling· be pertinent on the same issue of the son's contributory negligence in showing whether or not the son had been given an advance warning which he failed to heed. (Anno. 125 A.L.R. 645, 646; *Hiller* v. *DeSautels,* 269 Mass. 437 [169 N.E. 494, 495].) As so relevant to the pleaded issue of the son's alleged contributory negligence, this evidence was admissible and appellants could not properly have urged an objection to the questions asked (*Greiss* v. *State Investment & Insurance Co., supra,* 98 Cal. 241, 244), but the introduction of such evidence would not authorize the submission of matter not raised by the pleadings (*Meindersee* v. *Meyers,* 188 Cal. 498, 504 [205 P. 1078]).

Nor does it appear that appellants at any time consciously accepted the matter of personal contributory negligence on the part of the mother as an issue in the trial, so as to preclude them from raising the objection on appeal. (2 Cal.Jur. § 73, p. 246; *Malinow* v. *Dorenbaum,* 51 Cal.App.

2d 645, 653 [125 P.2d 554]; *Roynon* v. *Battin,* 55 Cal.App.2d 861, 868 [132 P.2d 266]; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [162. P.2d 934].) Thus, at the conclusion of the trial they expressly requested the court to instruct the jury that there was no issue of contributory negligence on the part of the mother for consideration. Such instruction was not only refused, but the court gave the instruction heretofore noted. This instruction served to emphasize the error of the court by inviting ''the jury to predicate a finding of negligence upon the failure of the mother to give'' a cautionary warning to her son with regard to ''the perils attending [his driving],'' which ''finding, if made, would be entirely outside of the issues'' affecting appellants' right to recover. (*McKeon* v. *Lissner,* 193 Cal. 297, 306 [223 P. 965]; see, also, *Starr* v. *Los Angeles Ry. Corp.,* 187 Cal. 270, 275 [201 P. 599]; *Stehli Silks Corp.* v. *Director,* 86 Cal.App. 591, 595 [261 P. 313].) ▇▇ From the general verdict of the jury in favor of respondents, it cannot be determined on what basis the jury absolved respondents from any liability in this case: whether it found that the accident (1) occurred solely through the negligence of the son; or (2) was the result of the joint negligence of both the son and respondent bus driver in the operation of their respective vehicles, and the failure of the mother to caution her son in his driving as an ''ordinarily prudent person'' would have done under the circumstances precluded her recovery. (*Cf. Edwards* v. *Freeman,* 34 Cal.2d 589, 594 [212 P.2d 883].) In such circumstances it is apparent that the error in giving an instruction on a. matter not within the issues, and the error in refusing to give: the instruction correctly defining the issues operated to the: prejudice of appellants. (*Stoneburner* v. *Richfield Oil Co.,* 118 Cal.App. 449, 456 [5 P.2d 436]; *Van Noy* v. *Frank,* 10 Cal. App.2d 423, 425 [51 P.2d 1166]; *Krupp* v. *Los Angeles Ry. Corp.,* 57 Cal.App.2d 695, 697 [135 P.2d 424].)

Appellants further urge that the evidence was insufficient as a matter of law to support a finding of contributory negligence on the part of the mother. To this point they claim that a guest is under no duty to remonstrate against his driver's: rate of speed unless there is ''reason for [him] to be apprehensive of his safety'' (*Martinelli* v. *Poley,* 210 Cal. 450, 458 [292 P. 451]) and he ''is aware that the [driver] is carelessly rushing into danger'' (*Marchetti* v. *Southern Pac. Co.,* *supra,* 204 Cal. 679, 683) in time to have done something ''to

avert the accident" (*Queirolo* v. *Pacific Gas & Electric Co., supra,* 114 Cal.App. 610, 615; *Swink* v. *Gardena Club,* 65 Cal. App.2d 674, 680 [151 P.2d 313]). In this connection they argue that there is no evidence indicating that the mother ever saw respondents' bus or was aware of the danger of a collision therewith, or that she had time in which to make an effective protest (*Dover* v. *Archambeault,* 57 Cal.App. 659, 662 [208 P. 178]), and that they may therefore rely on the presumption that she did take "ordinary care for her own safety" (*Chinnis* v. *Pomona Pump Co.,* 36 Cal.App.2d 633, 642 [98 P.2d 560]; see Code Civ. Proc., § 1963, subd. 4; *White* v. *Barker Bros.,* 12 Cal.App.2d 164, 166 [55 P.2d 248]). However, other factors in evidence relating to the speed of the son's automobile and the manner in which he was driving immediately prior to the accident would justify submitting to the jury the matter of the mother's personal contributory negligence for determination as a question of fact under all the circumstances of the case. Accordingly, had the issue of her contributory negligence been raised by the pleadings and tried by the parties, an instruction submitting to the jury her conduct as an "ordinarily prudent person" in the discharge of her duty to exercise reasonable care for her own safety would have been proper. (*Curran* v. *Earl C. Anthony, Inc.,* 77 Cal.App. 462, 471 [247 P. 236]; *Queirolo* v. *Pacific Gas & Electric Co., supra,* 114 Cal.App. 610, 619; *Aungst* v. *Central Calif. Traction Co.,* 115 Cal.App. 113, 120 [1 P.2d 56].)

The judgment in favor of defendants and against plaintiffs Emily Miller and Louis Miller is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondents' petition for a rehearing was denied May 31, 1951.