[L. A. No. 24663. In Bank. Nov. 19, 1957.]

JULIAN LEIN, Appellant, v. ROY PARKIN, Respondent.

Pestana & Kidwell and Hugh R. Manes for Appellant.

Hill, Farrer & Burrill, Kenneth J. Murphy and Henry E. Kappler for Respondent.

SPENCE, J.—Plaintiff appeals from a judgment entered in favor of defendant in a personal injury action. Plaintiff

also purportedly appeals from the order denying his motion for a new trial. The latter order is not appealable and the appeal therefrom must be dismissed. (Code Civ. Proc., § 956; *Lewis & Queen* v. *N. M. Ball Sons*, 48 Cal.2d 141, 146 f.n. [308 P.2d 713].)

The trial court, sitting without a jury, found that plaintiff was a "passenger" in defendant's automobile and that defendant's negligence had caused the injury. However, the court entered judgment for defendant, based upon its finding that plaintiff had assumed the risk of defendant's negligence.

 The only issues presented upon this appeal are (1) whether the trial court properly considered the question of plaintiff's assumption of risk when the defendant had not pleaded either that defense or the defense of contributory negligence, and neither defense had been discussed prior to the time that the trial court made its finding of assumption of risk, and (2) whether there was substantial evidence to support the finding of assumption of risk. These issues may be resolved according to California law although the accident occurred in New Mexico. The trial was conducted as if California law applied and the briefs on appeal are also predicated on the applicability of California law. We may therefore conclude that both plaintiff and defendant have agreed to have the issues determined pursuant to the law of California. (*Cf. Lubin* v. *Lubin*, 144 Cal.App.2d 781, 786 [302 P.2d 49].)

In support of the judgment, defendant contends that certain evidence introduced by plaintiff constitutes substantial evidence to sustain the trial court's finding of assumption of risk. Plaintiff testified, on direct examination, that in June 1953, he and defendant were traveling from Los Angeles to New York under an agreement to share the driving of defendant's 1950 Studebaker and the expenses of the trip. Plaintiff stated that defendant had had no prior experience in driving upon desert roads that are frequently covered with sand and dirt, yet he continually drove at speeds above 75 miles per hour over such roads. Defendant was "always in a hurry" and had announced that he intended to reach New York in three or four days. Plaintiff frequently admonished defendant to drive more slowly while, on the other hand, defendant asked plaintiff to drive more rapidly whenever plaintiff was driving. After they had been driving continuously for 18 hours, plaintiff convinced defendant that they should stop overnight at a motel in Albuquerque, New Mexico.

They left that city at 4 o'clock the next morning. Plaintiff testified that he later went to sleep in the back of the automobile, and that he was still asleep when it ran off the side of the road.

The evidence above summarized is sufficient to support the finding of assumption of risk, if such a finding is otherwise proper. The trial court could find and conclude therefrom that defendant was driving in a negligent manner, that plaintiff was well aware of defendant's negligence, and that despite this knowledge he chose to continue with defendant although it would have been more reasonable to have left defendant at Albuquerque. (See *Bassett* v. *Crisp*, 113 Cal. App.2d 295, 308 [248 P.2d 171]; *Anderson* v. *Hawkins*, 100 Cal.App.2d 490, 494 [223 P.2d 857]; *Van Fleet* v. *Heyler*, 51 Cal.App.2d 719, 733-734 [125 P.2d 586].)

As ground for reversal, however, plaintiff contends that the finding of assumption of risk was improper because it went beyond the scope of the issues presented by the pleadings. Defendant, on the other hand, claims that this argument is without force because plaintiff himself introduced the pertinent evidence. We have heretofore recognized that in certain situations, findings outside the issues made by the pleadings can be appropriate where the evidence supporting these findings has been introduced without objection. We considered this problem recently in *Miller* v. *Peters*, 37 Cal.2d 89 [230 P.2d 803]. In that case defendant had pleaded that only one plaintiff was contributively negligent. The evidence introduced in support of this allegation, however, was sufficient to prove that both plaintiffs were contributively negligent. We nevertheless reversed the judgment, holding that defendant's introduction of such evidence, although without objection, did not authorize the giving of an instruction indicating that the second plaintiff could also be found contributively negligent.

In reaching this decision, we reasoned that "it is settled law that where the parties and the court proceed throughout the trial upon a theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings. [Citations.] But such principle of estoppel operates only where it appears 'from the record on appeal . . . that the issue was actually and intentionally tried by the introduction of pertinent evidence, and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as

if the issue had been made by the pleadings. . . .' (*Ortega v. Cordero,* 88 Cal. 221, 227 [26 P. 80]; see 2 Cal.Jur. § 69, p. 239, and cases there cited.)'' We also reiterated the proposition that '' '. . . evidence which is relevant to an issue actually raised by the pleadings cannot be considered as authorizing the determination of an issue not presented.' (*Freeman* v. *Gray-Cowan, Inc.,* 219 Cal. 85, 87 [25 P.2d 415].)'' (37 Cal.2d at p. 93. See also *Crescent Lbr. Co.* v. *Larson,* 166 Cal. 168, 171 [135 P. 502].) There is no reason to depart from these principles when evidence relating to a possible affirmative defense is introduced by plaintiff, as in the present case, rather than by defendant, as in the Miller case.

 Defendant claims that an estoppel or waiver must be found in the present case because plaintiff's evidence relating to assumption of risk does not bear upon any of the issues made by the pleadings. According to defendant, the only issue under the pleadings that this evidence might concern would be the question of defendant's negligence. But defendant maintains that the evidence cannot be relevant to that issue since the doctrine of res ipsa loquitur was applicable and was sufficient to prove that defendant was negligent. This argument assumes that plaintiff could not introduce evidence of specific acts of negligence in addition to the evidence which might give rise to the res ipsa loquitur inference. We are not aware of any rule that requires a plaintiff to rely upon res ipsa loquitur rather than proof of specific acts of negligence.

 It thus appears that all evidence upon which defendant relies to justify the consideration by the trial court of the unpleaded defense of assumption of risk was evidence relevant to the pleaded issue of defendant's negligence. We therefore conclude that plaintiff is not estopped to challenge the action of the trial court in making a finding upon assumption of risk, as it cannot be said that the unpleaded issue of assumption of risk was "actually and intentionally tried" or that plaintiff "consciously participated or acquiesced in [the] trial as if the issue had been made by the pleadings." (*Miller* v. *Peters, supra,* 37 Cal.2d 89, 93.)

The purported appeal from the order denying a motion for a new trial is dismissed. The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.