[Civ. No. 5065.   Second Appellate District, Division One.—August 12, 1927.]

DOROTHY CHAPMAN, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

Arnold Praeger and William A. Sumner for Appellant.

Frank Carr, R. C. Gortner, E. E. Morris and C. W. Cornell for Respondent.

YORK, J.—This is an appeal by plaintiff from a judgment for defendant on a verdict of a jury. The action is for damages for the alleged negligence of defendant in operating a street railroad car, resulting in an accident causing plaintiff's injuries. The accident occurred about 9 o'clock at night on November 12, 1922, on Colorado Street in the city of Pasadena. The plaintiff was riding in an automobile driven by John L. Ramsey. She was his guest. He was driving his car westerly on said street and up an incline of about eight or nine per cent. Defendant's car was coming down this street in an easterly direction when the street-car and automobile came together in a head-on collision, demolishing and setting fire to the automobile in which plaintiff was riding, severely injuring her and causing the death of said Ramsey. The plaintiff alleged said accident to have been caused by the defendant's neglect in negligently propelling said street-car at a dangerous rate of speed

and in not maintaining a sufficient headlight on said street-car, and alleges that the car did not "signal any alarm or bell," and that although the motorman of defendant's car saw said automobile when it was about three hundred feet from his car, he left his position at the controller of said car without shutting off the power or applying the brakes or "sounding any bell, signal or alarm." Other acts of negligence of defendant were also alleged. The defendant denies all of plaintiff's allegations of neglect and alleges that the accident was caused by the neglect of plaintiff, and that plaintiff and the driver of the said automobile were at the time of the accident engaged in a joint and common enterprise, and that neither of them exercised ordinary care and both of them so negligently "rode and drove the said automobile as to bring the same into collision with defendant's car and contributed to said injury and damage." The plaintiff in one part of her complaint alleges "that while the automobile in which said plaintiff was then and there riding, as aforesaid, and said street-car were approaching each other approximately three hundred feet apart, the driver of said automobile, said Ramsey, was attempting to pass and go around another automobile which was proceeding in the same direction . . . along said Colorado Street, and that the said two automobiles were then and there abreast of each other; that while attempting to pass said automobile, the left-hand wheels of said automobile in which plaintiff was then and there riding were between the rails of defendant's street-car track; that instead of permitting said Ramsey to pass and go around him, the driver of said automobile, who was unknown to plaintiff, speeded up his automobile and would not permit said Ramsey to pass him; that there was not sufficient room for said Ramsey to drive his said automobile between defendant's street-car and the other automobile which he was attempting to pass. That by so speeding up, the driver of said automobile caused said Ramsey's automobile to be boxed in, and caught in a trap, and placed in a position of danger of collision with said street-car." Then follows an allegation that defendant's motorman saw the automobile in which plaintiff was riding in such position of danger while said automobile and said street-car were three hundred feet apart, and then follow allegations of alleged neglect of the motor-

man to ring any bell or give any warning or shut off his power or apply his brakes "at once," by deserting his post and leaving no person in control.

The race of the two automobiles seems to have been an admitted fact, and plaintiff seems to allege the above facts as showing that defendant had a last clear chance to avoid the accident. The allegation, however, does not correspond with plaintiff's testimony, which was more favorable to her than the allegations of her complaint. During the argument of counsel for defendant said counsel commenced to reply to the contention of plaintiff's counsel that no bell was rung, and plaintiff gave no warning of the approach of his car, when the court interrupted him and said: "Mr. Gortner, you need not say anything about a bell not being rung. It doesn't make any difference whether it was rung or not. The car was lighted, and the headlight was burning so that anybody who had eyes and was looking could have seen it, and I am going to hold that there was no duty on the motorman to ring his bell. The only question to be considered was whether the motorman was negligent in leaving his post, and you can confine your argument to that point." The court was speaking of issues made by the pleadings and in support of evidence which had been introduced and upon which counsel for plaintiff had argued to the jury contending that the facts plaintiff had alleged in regard to the warning and lights had been proven. Whether the facts had been proven or not, it was not for the court at that stage of the trial to decide. Plaintiff had testified that it seemed to her that the street-car did not have a light on it—that she saw no light although looking ahead; that she heard no bell, whistle, or gong—she was not directing the driver of the automobile in which she was riding and it was not going over twenty or twenty-two miles per hour—that she did not see the street-car at all until it suddenly loomed up. Defendant had contended that plaintiff was negligent while riding in the automobile and thereby contributed proximately to the accident—that she and the driver were engaged in a joint enterprise, and that both plaintiff and the driver by their alleged negligence contributed directly and proximately to the accident. Yet the court stated before the jury that the only question to be considered was whether

the motorman was negligent in leaving his post. █ The operation of a street-car in a public street, especially where there is a traffic congestion, is in itself a source of danger to those occupying the street, and the operator owes to the public the duty to use all precautionary warnings usual and in common use with such operations. █ Without considering the evidence in conflict with plaintiff's testimony, the jury could have found that no bell was being rung by defendant, and that there was no light on the defendant's car, and that the plaintiff did not see the defendant's car until the collision was inevitable. From the evidence, the jury could have found that the motorman saw the car in which plaintiff was riding when it was at least three hundred feet away and approaching on the streetcar track. Adding to this testimony the physical fact of the collision and plaintiff's injuries, if this were the *only* evidence, the jury could have found for plaintiff, and hence the action of the court in confining the consideration of the jury to the question as to whether the motorman was negligent in leaving his post, and deciding that the car was lighted up, and that the headlight was burning, and that it was immaterial whether the bell was rung, was an invasion of the province of the jury and was error. If the car was not lighted and had no headlight, or one so dim as not to be effective, then the fact of whether a bell was ringing was material and should have been submitted to the jury. However, from the fact that the court instructed the jury on the question of plaintiff's contributory negligence, it seems that the court did not intend to pass on the question of contributory negligence in said statement confining the argument relating to defendant's negligence to the alleged neglect of the motorman in leaving his post. Although plaintiff's testimony was in conflict with that of witnesses produced by her, the jury had the right to believe her testimony to be true. We hold that the court erred in its instructions on the question of defendant's neglect, in confining their consideration to the action of the motorman in leaving his post. Under the circumstances of the case the jury should have been permitted to consider whether the car was lighted, the condition of the headlight, and whether the bell was ringing or gong sounding.

The jury were instructed that if plaintiff was guilty of a want of ordinary care, no matter how slight that want of ordinary care was, if it proximately contributed to her injury, they could not find a verdict for her. Yet there was no evidence of want of care on her part. The court did, however, instruct the jury, "The negligence of the driver of the automobile in which plaintiff was riding, if there was any, was not imputable to her." This was in accordance with *Dale* v. *Denver City Tramway Co.*, 173 Fed. 787 [19 Ann. Cas. 1223]; *Dyer* v. *Erie Ry. Co.*, 71 N. Y. 228; *Noakes* v. *New York Cent. & H. R. Ry. Co.*, 195 N. Y. 543 [88 N. E. 1126].

The court instructed the jury that "if she acquiesced in and knowingly and willingly took part in an effort to race with another automobile and thereby contributed directly or proximately to the happening of said accident and collision in any degree then your verdict should be for the defendant." There was no evidence on which such a finding could have been made. An instruction on facts supported by no evidence is often misleading to the jury and prejudicial to one or more parties to the action. Although it stated the law accurately, it should not have been given, because there was no evidence on which to base it. Appellant and respondent were not engaged in a joint enterprise. There was no community of interest in the object or purpose of the driver of the automobile, and appellant was not charged with any duty of directing the driver. In fact, it is common knowledge that the interference of a passenger with a driver of an automobile is generally an element of danger rather than safety. The evidence in this case did not justify any instruction as to contributory negligence as against appellant. (*Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462 [247 Pac. 236]; *Thompson* v. *Collins*, 139 Wash. 401 [247 Pac. 458].)

The statement by the court in its instructions that the amount claimed by plaintiff was absurd was possibly prejudicial in that the court thereby inferentially accused her of making a false claim for damages, and such a statement thereof in itself may or may not be sufficient ground for reversal.

After careful examination of the entire case, including all of the evidence introduced, we believe that the party

appealing sustained and suffered substantial injury by reason of the errors hereinbefore referred to.

The judgment is therefore reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 10, 1927.