[Civ. No. 28601. Second Dist., Div. Three. July 26, 1966.]

DON R. PRESTON, Plaintiff and Appellant, v. UP-RIGHT, INC., Defendant and Respondent.

Pregerson & Costley, Harry Pregerson and William M. Costley for Plaintiff and Appellant.

Crider, Tilson & Ruppé, Robert D. Brill and Abe Mutchnik for Defendant and Respondent.

FORD, J. — Plaintiff brought this action for damages against the manufacturer[1] of an aluminum alloy scaffold which was approximately ten feet in length, twenty-nine inches in width, and slightly more than seven feet in height. Each of the four legs was mounted on a locking caster wheel. The platform on the scaffold was two feet in width. While plaintiff was engaged in painting a house, he moved the scaffold to a carport over which there was a sunporch. Finding that he had placed the scaffold so that part of it was under the carport, he pulled it back a short distance, locked each wheel, and put his painting materials on top of the platform. He then placed on the platform an aluminum ladder which was four

---

[1]The Los Angeles factory representative of the defendant manufacturer sold the scaffold to plaintiff's employer.

feet in height and which had rubber cleats under its legs. He rested the unopened ladder at an angle against the parapet wall of the sunporch. While he was thereafter ascending the aluminum ladder for the purpose of going over the wall onto the porch, the scaffold, which was parallel with the building, moved away and he fell to the asphalt driveway, sustaining personal injuries. Plaintiff weighed 200 pounds. The weight of the scaffold was approximately 114 pounds. At the trial plaintiff contended that the wheel brakes were of defective design and that the failure of the brakes to hold was the cause of the accident.[2]

The jury returned a verdict for the defendant. Plaintiff contends that the trial court erred in giving certain instructions requested by the defendant and in refusing to give certain instructions requested by plaintiff. The questions to be resolved relate mainly to the matter of the strict liability of a manufacturer as expressed in *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897]. In that case it was stated at pages 62-63: "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. Recognized first in the case of unwholesome food products, such liability has now been extended to a variety of other products that create as great or greater hazards if defective . . . . Although in these cases strict liability has usually been based on the theory of an express or implied warranty running from the manufacturer to the plaintiff, the abandonment of the requirement of a contract between them, the recognition that the liability is not assumed by agreement but imposed by law [citations], and the refusal to permit the manufacturer to define the scope of its own responsibility for defective products [citations] make clear that the liability is not one governed by the law of contract warranties but by the law of strict liability in tort. Accordingly, rules defining and governing warranties that were developed to meet the needs of commercial transactions cannot properly be invoked to govern the manufacturer's liability to those injured by its defective products unless those rules also serve the purposes for which such

---

[2] One of defendant's advertising brochures contained the following paragraph: "Locking casters—a single lever action locks the wheel and the swivel for maximum scaffold rigidity. Scaffold is secure on stairways, inclines—anywhere. The greater the load the greater the locking action. Brake lever clearly indicates that caster is locked. Brake automatically compensates for any wheel wear."

liability is imposed." The Supreme Court further said in the *Greenman* case (page 64) : "To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the Shopsmith in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the Shopsmith unsafe for its intended use." Thus in the present case the burden was on plaintiff to prove that the scaffold was defective when manufactured or sold and that the defect was a proxi- mate cause of the injury. (*Erickson* v. *Sears, Roebuck & Co.*, 240 Cal.App.2d 793, 798 [50 Cal.Rptr. 143].)

The first instruction of which plaintiff complains was as follows (B.A.J.I. 218-A) : "The manufacturer of an article who places it on the market for use under circumstances where he knows that such article will be used without inspection for defects, is liable for injuries proximately caused by defects in the manufacture or design of the article of which the user was not aware, provided the article was being used reasonably for the purpose for which it was designed and intended to be used." It is argued that the instruction is not a correct state- ment of the law of strict liability in tort because the language embodying the requirement that "the article was being used reasonably for the purpose for which it was designed and in- tended to be used" instructs the jury to determine whether plaintiff's conduct was reasonable under the circumstances and thereby injects the element of contributory negligence into the case. For reasons which will be stated, plaintiff's position is not sound.

While contributory negligence is not an issue in a case governed by the law of strict liability in tort (see *Crane* v. *Sears, Roebuck & Co.*, 218 Cal.App.2d 855, 860 [32 Cal.Rptr. 754]), it is incumbent upon a plaintiff to prove that he was injured while using the article in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the article unsafe for its intended use. (*Greenman* v. *Yuba Power Products, Inc., supra*, 59 Cal.2d 57, 64.) Thus, the fact that contributory negli- gence is not an issue does not affect a plaintiff's burden of showing that the accident was due to a defect in the article rather than to some other cause. (See *Alvarez* v. *Felker Mfg. Co.*, 230 Cal.App.2d 987, 1002 [41 Cal.Rptr. 514] ; see also *Swain* v. *Boeing Airplane Co.* (2d Cir. 1964) 337 F.2d 940, 942.) With respect to the doctrine of strict liability it was aptly stated in *Greeno* v. *Clark Equipment Co.* (N.D. Ind.

1965) 237 F.Supp. 427, at page 429: "Neither would contributory negligence constitute a defense, although use different from or more strenuous than that contemplated to be safe by ordinary users-consumers, that is, 'misuse,' would either refute a defective condition or causation."

 It is true that in the challenged instruction reference is made to the matter of proximate causation prior to the use of the words as to the article "being used reasonably for the purpose for which it was designed and intended to be used." While the instruction could have been more artfully drafted, the criticized language did direct the attention of the jury to the element that the article must have been used in a way in which it was intended to be used. The word "reasonably" may have been unnecessary, but its service in making clear that the use must have been a rational rather than an abnormal one was in harmony with the governing law. (See *Alvarez* v. *Felker Mfg. Co., supra,* 230 Cal.App.2d 987, 1002-1003.) In this connection it is to be noted that, at plaintiff's request, the court instructed the jury with respect to the defendant's duty as follows: "In determining the purposes for which an article was designed and intended to be used you may consider those uses of the article which would be foreseeable by the manufacturer at the time the article was placed on the market."[3] Plaintiff suffered no prejudice because of the challenged instruction.[4]

 Since the instruction given (B.A.J.I. 218-A) adequately covered the subject matter of the instruction re-

---

[3] With respect to the doctrine of strict liability Dean Prosser states: "There is little reason to doubt that the rules applied to negligence, and to the seller's direct warranty to the buyer, will be applied, as to the normal use of the product by a normal user, . . ." (Prosser on Torts (3d ed. 1964) § 97, p. 684.) Dean Prosser, by means of footnotes to the above text, refers back to pages 667-668 of his treatise, a portion thereof being as follows: "Unless he has reason to expect otherwise, the seller is entitled to assume that the product will be put to a normal use, for the purpose for which it is intended, and in accordance with directions properly given; and he is not liable, either for negligence or for breach of warranty, when it would ordinarily be safe, but injury results because it is mishandled, or is used in some unusual and unforeseeable way, . . . This is not, however, to be narrowly applied; and a normal, foreseeable use may include such relatively uncommon ones as standing on a chair [*Phillips* v. *Ogle Aluminum Furniture, Inc.,* 106 Cal.App.2d 650 [235 P.2d 857].], . . ." (See *Yecny* v. *Eclipse Fuel Engineering Co.,* 210 Cal.App.2d 192, 197 [26 Cal.Rptr. 402].)

[4] It is to be noted, although not mentioned in the briefs, that the plaintiff requested, but the court did not give, the following instruction: "The manufacturer of an article who places it on the market for use under circumstances where he knows or should know that such article will be used without inspection for defects, is liable for injuries proximately caused by defects in the manufacture or design of the article of

quested by plaintiff but which the trial court refused to give,[5] there was no error because of such refusal. (See *Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists,* 227 Cal.App.2d 675, 719 [39 Cal.Rptr. 64].) ▮ Moreover, plaintiff did not suffer prejudice by reason of the refusal of the court to instruct the jury that ''contributory negligence is not a defense in an action for personal injuries based on breach of warranty, express or implied,'' or by reason of the refusal to inform the jury that ''contributory negligence is not a defense in an action for personal injuries based on strict liability in tort.'' Since no issue of contributory negligence was present in the case, there was no reasonable purpose to be served in mentioning that subject to the jury.

▮ Plaintiff asserts that it was error to give the following instruction (B.A.J.I. 408-B) : ''Any warranty of the goods involved in this case was based on the assumption that they would be used in a reasonable manner appropriate to the purpose for which they were intended. If you should find that whatever injury or damage the plaintiff suffered in this case resulted solely from his improper use of the goods involved, then plaintiff cannot recover damages for breach of warranty.'' Contrary to plaintiff's contention, such an instruction did not have the effect of informing the jury that contributory negligence is a defense in a warranty case. The two sentences of the instruction must be read together and, as so read, the instruction is principally directed to the matter of causation. ▮ As stated by Dean Prosser: ''Unless he has reason to expect otherwise, the seller is entitled to assume that

which the user was not aware provided the article was being used in a manner which was reasonably foreseeable by the manufacturer at the time the product was placed on the market.'' That instruction was a more appropriate statement of the law than the instruction (B.A.J.I. 218-A) given at the defendant's request. (See *Yeeny* v. *Eclipse Fuel Engineering Co.,* 210 Cal.App.2d 192, 196-197 [26 Cal.Rptr. 402].) To borrow the apt language of Professor James: ''This enterprise liability should not be unlimited, but it should extend to all casualties and hazards that are injected into society by the activity of the enterprise, at least to the extent that they are reasonably foreseeable.'' (James, *General Products—Should Manufacturers be Liable Without Negligence?* (1957) 24 Tenn.L.Rev. 923, 927.)

[5]The plaintiff's requested instruction was: ''In this case plaintiff seeks to establish liability on the theory of strict liability in tort. I will now instruct you on the law pertaining to strict liability in tort. Under the rule of strict liability a manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. Strict liability in tort may be established without any proof of negligence on the part of the defendant.''

the product will be put to a normal use, for the purpose for which it is intended . . . and he is not liable, either for negligence or for breach of warranty, when it would ordinarily be safe, but injury results because it . . . is used in some unusual and unforeseeable way. . . .'' (Prosser on Torts (3d ed. 1964) § 96, pp. 667-668.)　　 The instruction given was an adequate statement of the applicable law, the concept of proximate causation having been properly stated in another instruction requested by both parties.

Plaintiff contends that the instruction given on the subject of burden of proof was erroneous in that it informed the jury that plaintiff had the burden of proving that ''at the time of the accident he was using the scaffold in a way it was intended to be used.'' The argument is that thereby the jury was told to determine whether plaintiff was guilty of contributory negligence. For reasons stated hereinabove the contention° is without merit. Plaintiff further contends that another portion of the instruction was erroneous in that it informed the jury that he had the burden of proving that ''if there was such a defect in design or manufacture of the scaffold or braking mechanism plaintiff was not aware that it made it unsafe for his intended use.'' But that language is consonant with the statement as to a plaintiff's burden set forth in the *Greenman* case (59 Cal.2d, at page 64) : ''To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the Shopsmith in a way it was intended to be used as a result of a defect in design and manufacture *of which plaintiff was not aware* that made the Shopsmith unsafe for its intended use.'' (Italics added.)

Plaintiff complains that the court failed to give instructions submitted by him as to the burden of proof with respect to a strict liability cause of action and with respect to a cause of action based on an alleged breach of warranty. In the light of the record we fail to find any prejudice to plaintiff arising from such failure.

Plaintiff asserts that in an instruction given upon the subject of the issues to be determined it was error to tell the jury that one issue was whether ''the plaintiff at the time of the accident involved herein [was] then using the scaffold in a manner in which it was intended to be used.'' Again, the argument is that thereby the issue of contributory negligence was improperly injected into a cause of action based on the doctrine of strict liability. But, for reasons hereinabove expressed, that position is untenable. Plaintiff, however, asserts

that even if the instruction was correct, error arose in the course of a discussion between the court and jurors when the jury requested the rereading of instructions after it had begun its deliberations. One juror inquired as to whose intention was involved. The court stated: "Intended by the manufacturer. Intended to be used by the manufacturer." In response to a question from another juror, the court said: "Reasonable use for which the scaffold would be put and used. This is for you people to determine. I can't tell you." The argument made is that "objectively a use could be 'foreseeable by the manufacturer' although subjectively the manufacturer might not intend that particular use." It is then asserted that the words "his [plaintiff's] intended use," "intended to be used by the manufacturer," "reasonable use," "foreseeable use," and "ordinary use," as contained in language directed to the jurors, led to confusion in their minds. After a review of the record, however, it does not appear to be reasonably probable that a result more favorable to plaintiff would have been reached if more care had been taken in the choice of language used in informing the jury as to the applicable law. As has been heretofore noted, at plaintiff's request the jury was instructed as follows: "In determining the purposes for which an article was designed and intended to be used you may consider those uses of the article which would be foreseeable by the manufacturer at the time the article was placed on the market."

Finally, plaintiff contends that the court erroneously failed to give the following instruction: "If a manufacturer advertises a product as having certain characteristics or as suitable for a given purpose or function, he thereby so warrants it to any person who puts it to the use contemplated by the advertisement."[6] But, assuming that there was error, plaintiff fails

---

[6]It should be noted that at the request of the plaintiff the court instructed the jury as follows:

"In this case plaintiff seeks to establish liability on two different theories: Strict liability in tort and breach of warranty. The Court has given you certain instructions on the law of strict liability in tort. I will now instruct you on the law pertaining to warranty."

"One of the elements of a sale of goods may be a representation or promise by the seller that the goods possess certain characteristics. Such a representation or promise is called a warranty. It may be made expressly in so many words by the seller or it may be implied from the circumstances of the sale."

"As used in these instructions, the word 'seller' includes the manufacturer of the product involved [and the word 'buyer' includes the user or consumer of the product]."

In lieu of an instruction requested by the plaintiff, the court instructed the jury as follows:

to inform us of any basis for a conclusion that it is reasonably probable that a result more favorable to plaintiff would have been reached if such instruction had been given and our independent review of the record has revealed none. We have reached the same conclusion as to plaintiff's contention that the court erroneously refused his requested instructions on the subjects of the burden of proof and the issues to be determined with respect to the causes of action based on the theories of express and implied warranties.

Under the evidence the jury was warranted in deciding the issue of causation in favor of the defendant. While the instructions could have been more artfully drafted, a review of the record discloses no reversible error.

The judgment is affirmed.

Shinn, P. J., and Frampton, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 28, 1966.

<hr>

---

"Any warranty of fitness of use for a particular purpose made by the defendant to Cullen Painting and Decorating Service extended to its employe Don R. Preston."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.