188 N.J. Super. 587 (1983)
458 A.2d 127
WILLIAM BEATTY, JR. AND IRENE BEATTY, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
SCHRAMM, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1982.
Decided February 14, 1983.
*589 Before Judges BOTTER, POLOW and BRODY.
Kenneth J. Fost argued the cause for appellants.
William J. O'Day argued the cause for respondent (Haskins, Robottom, Hack, Piro & O'Day, attorneys; David E. Rehe on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
In this product liability case a jury found by special verdict that plaintiff was not using defendant's machine "as intended or for a reasonable foreseeable purpose" at the time he was injured. Judgment was entered for defendant. Plaintiff now raises several points all but one of which are rendered moot by our remand for a new trial. The dispositive point is that the judge failed to charge the jury adequately of the significance of plaintiff's alleged misuse of the machine in determining whether plaintiff's conduct was reasonable to foresee.
Defendant designed and manufactured the Schramm Rotadrill, a machine used for drilling water wells. The device looks like a small oil derrick. The drill is suspended within the derrick by chains which run over several sprocket wheels hanging from the top of the derrick interior. The Rotadrill can also be used to drive casings into wells. For this purpose the derrick is positioned over the well and an air hammer hung from the chains.
The Rotadrill is mounted on a truck for portability. When being transported the Rotadrill lies horizontally on the truck *590 bed. To prepare the Rotadrill for use, it is raised upright and set in place by lowering the rear platform of the truck on which it is mounted.
The accident occurred while plaintiff was using the Rotadrill to drive a casing into a well. He was making little progress because the hammer blows were not striking true. The supporting chains had to be readjusted to different sprocket wheels. To reach the wheels plaintiff grabbed a chain, one hand over his head, and rode it to the top of the derrick. His father, for whom he worked, was at the controls. As plaintiff reached the top and looked for a place to set his foot, the thumb of his overhead hand was caught between the chain and its sprocket wheel. Part of the thumb had to be amputated. Plaintiff's expert testified that a guard should have been installed at the nipping point where the chain met the sprocket wheel.
Defendant raised the defense of plaintiff's negligence. According to defendant, safe and proper ways to reach the sprocket wheels would have been either to return the derrick to the horizontal position or to climb up its metal struts. Defense counsel sounded this theme in his opening statement, "Mr. Beatty, Jr. has no one to blame but himself for choosing a very unsafe way of trying to make an adjustment." It was not until after defendant began to put in its case that the judge ruled that plaintiff's negligence was not an available defense.
Plaintiff's counsel requested the judge to charge the jury that plaintiff "was not guilty of any negligence ..." in view of defendant's emphasis during trial on plaintiff's allegedly careless conduct. The judge declined, explaining that since he would not be giving the jury the issue of plaintiff's negligence, there would be no point in advising them that he was free of negligence. That was a proper ruling because ordinarily there is no need to tell the jury of an issue they are not being asked to decide. Preston v. Up-Rite, Inc., 243 Cal. App.2d 636, 641, 52 Cal. Rptr. 679, 684 (Dist.Ct.App. 1966). But for reasons which follow, in this case the judge was required to clarify the significance *591 of what the jury may well have viewed as plaintiff's careless conduct.
Policy reasons generally deprive those responsible for a defective machine of the defense of plaintiff's negligence when he is injured while using the machine in the course of his employment and the accident would not have occurred in the absence of the defect. See Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150, 167-168, 177 (1979). Nonetheless, as in all product liability cases, a plaintiff must still prove that it was reasonable to foresee that he would use the product in the manner that caused his injury. Id. at 177. A plaintiff satisfies that burden by establishing that he was using the product properly, i.e., in a manner that was intended. If he was misusing it, then he must satisfy the trier of fact that his misuse was reasonable to foresee. Once proper use or reasonable foreseeability of misuse is established, recovery will depend on whether the product was reasonably fit, suitable and safe for that use or misuse and, if not, whether the defect was a substantial factor in causing the injury. Suter, supra, 81 N.J. at 159-160; Cepeda v. Cumberland Engineering Co., 76 N.J. 152, 176-177 (1978).
Foreseeability of the use that caused the injury is to be distinguished from foreseeability of the dangerous propensities of the product. In a product liability case liability does not turn on whether it is reasonable to foresee that the product is dangerous when used as intended or when misused in a reasonably foreseeable manner. Knowledge of such danger is legally imputed and therefore factually irrelevant. Beshada v. Johns-Manville Products Corp., 90 N.J. 191, 200, n. 3 (1982).
The judge instructed the jury in the language of the model jury charge as follows:
... [T]he plaintiff has the burden of proving the following elements ... that at the time of the accident plaintiff was using the product for its intended or reasonably foreseeable purpose. Plaintiff must prove by the greater weight of the believable evidence that the product was not misused by him at the time of the accident. In determining whether or not this product was being used for a reasonably foreseeable purpose, you must decide whether or not a reasonably *592 prudent manufacturer, such as Schramm, should have foreseen that the product would be used in the manner in which it was being used on the day in question. [Emphasis supplied]
The jury probably believed that plaintiff was injured through his own careless conduct which they understood as constituting misuse. The emphasized portion of the charge instructed the jury that plaintiff had to convince them that he was not misusing the machine. The charge does not explain that misuse means an unintended use. Moreover, it does not make clear that even if plaintiff was misusing the machine he could nevertheless recover if his misuse was reasonable to foresee.
The charge has the clear capacity to have led the jury to the erroneous conclusion that if plaintiff misused the machine his conduct was thereby rendered not reasonably foreseeable. The interests of justice therefore require a new trial. R. 2:10-2.
Reversed and remanded for a new trial.